IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel Emmanuel Stokes, | C/A No. 0:15-cv-872-JFA |
| Petitioner, | |
| vs. | |
| Warden of Lieber Correctional Institution, | **Order** |
| Respondent. | |

## I.   INTRODUCTION

Samuel Emmanuel Stokes ("Petitioner"), a state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Since then counsel made an appearance on Petitioner's behalf and filed supplemental briefing in support of his writ of habeas corpus.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge for pretrial handling.[1] Before the Magistrate Judge, the Government ("Respondent") moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 25. Petitioner responded and likewise moved for summary judgment. ECF Nos. 31, 32. These motions are currently before this Court.

On January 28, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") wherein she recommends that this Court grant Respondent's motion for summary judgment and deny both Petitioner's motion and petition.[2] ECF No. 36. Petitioner timely filed objections. ECF No. 37. Thus, this matter is ripe for the court's review.

---

[1] The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

[2] The Report includes the relevant factual and procedural history, which the Court incorporates herein without recitation.

This Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). If a party fails to properly object because the objections lack the requisite specificity, the Court need not conduct a *de novo* review. *See Brooks v. James*, No. 2:10–2010–MBS, 2011 WL 4543994, at *2 (D.S.C. Sept. 30, 2011); *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008). In the absence of a proper objection, the Court must "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal citation omitted); *see also Thomas v. Arn*, 474 U.S. 140, 148–53 (1985).

## II. DISCUSSION

Petitioner seeks relief based on two related claims: 1) ineffective assistance of counsel for failing to argue that a testifying witness was unavailable under the meaning of the Sixth Amendment; and 2) misapplication of *Crawford v. Washington*, 541 U.S. 36 (2004) by the state courts.[3]

### A. The Report

In her Report, the Magistrate Judge concluded that neither of Petitioner's claims have merit. First, the Magistrate Judge found that Petitioner's ineffective assistance of counsel claim failed the test laid out in *Strickland v. Washington*, 466 U.S. 668 (1984). Secondly, the Magistrate Judge found that Petitioner's claim for misapplication of *Crawford* lacked merit because the South Carolina Supreme Court reasonably applied the applicable federal law.

---

[3] Petitioner initially made three claims *pro se*. Two of those claims were deemed abandoned by the Magistrate Judge. In the absence of briefing on those issues, this Court finds they have been abandoned.

### B. The Objection

Petitioner broadly objects to the Report citing the Magistrate Judge's failure "to address the facts and circumstances relating to [the witness's] invocation of his Fifth Amendment rights." ECF No. 37 p. 1-2. Additionally, Petitioner specifically contends that the Magistrate Judge failed: 1) to address the witness's written exercise of the Fifth Amendment rights; 2) to inform the trial court of the witness's prior invocation of rights prior to calling him as a witness; and 3) to consider facts showing that the witness's actions were an attempt to exercise his right not to testify.[4]

Because Petitioner objects only to the circumstances regarding the alleged unavailability of the witness and in light of the conspicuous absence of any argument regarding ineffective assistance of counsel, the Court will construe the objection as one related only to the alleged misapplication of *Crawford*. As such, this Court adopts the recommendation of the Magistrate Judge as to the ineffective assistance of counsel claim.

### C. *Crawford*

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. Amend. VI. The introduction of testimonial hearsay will violate the Confrontation Clause unless: (1) the witness is unavailable, and (2) the defendant has had a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 68 (2004).

However, where "the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." *Id.* at 59 n. 9. "The Clause does not bar admission of a statement so long as the declarant is present at trial to

---

[4] Interestingly, Petitioner included in his objection a verbatim copy of his memorandum in support of his motion for summary judgment. Because this inclusion amounts to a mere verbatim recitation of a document already in the record, the Court will not consider this as part of a proper objection. *Compare* ECF Nos. 31 and 37.

defend or explain it." *Id*. "[W]here the declarant is not absent, but is present to testify and to submit to cross-examination, our cases, if anything, support the conclusion that the admission of his out-of-court statements does not create a confrontation problem." *California v. Green*, 399 U.S. 149, 162 (1970). "[T]he Confrontation Clause is not violated by admitting a declarant's out-of-court statements, as long as the declarant is testifying as a witness and subject to full and effective cross-examination." *Id*. at 158.

Here, Petitioner argues that because the witness invoked his Fifth Amendment rights prior to the trial in which he testified, he should have been considered unavailable under *Crawford*. Petitioner places particular emphasis on the fact that his invocation was written and that the state allegedly never informed the trial court of this prior invocation.

First, this Court knows of no distinction between oral or written invocations of one's Fifth Amendment rights. Secondly, a witness's ability to invoke those rights is as unrestricted as his ability to waive them. Here, the witness took the stand and testified at the trial. *See* ECF No. 27-18 p. 40-47. He was available and subject to cross-examination. To the extent that the witness invoked his Fifth Amendment rights at some prior time, he implicitly waived those rights by taking the stand and testifying. Lastly, Petitioner's contention that the state never informed the trial court of the witness' invocation is irrelevant in light of the implicit waiver.

Importantly, even if the above constituted a misapplication of the *Crawford* decision, this Court would be unable to offer relief because there is nothing to suggest the misapplication was "unreasonable." *See Williams v Taylor*, 529 U.S. 362 (2000). Both the South Carolina Supreme Court as well as the PCR court explained their reasoning. *See State v. Stokes*, 673 S.E.2d 434 (S.C. 2009); ECF No. 27-11. Certainly, "fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 582 U.S. 86, 100 (2011) (quoting *Yarborough*

4

*v. Alvarado*, 541 U.S. 652, 664 (2004)). Habeas corpus serves as a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (internal citation omitted).

Accordingly, this Court finds that Petitioner is not entitled to habeas relied on this claim. The Court thus agrees with the Magistrate Judge's conclusions and adopts the Report's recommendation as to the *Crawford* claim.

### III. CONCLUSION

After a careful review of the record, of the applicable law, and of the Report and the Objections thereto, this Court finds the Magistrate Judge's recommendation is proper. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate and hereby **GRANTS** the Respondent's motion for summary judgment (ECF No. 26) and **DENIES** both the petition (ECF No. 1) and Petitioner's motion for summary judgment (ECF No. 32).

Further, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2).[5]


**IT IS SO ORDERED.**

March 24, 2016                                                      Joseph F. Anderson, Jr.
Columbia, South Carolina                                    United States District Judge

---

[5] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."